**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| RAMSPLITTER LOG SPLITTERS INC., | ) | Case No. 19-81981 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE that on October 28, 2019, at 9:00 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Thomas M. Lynch, United States Courthouse, 327 South Church Street, Room 3100, Rockford, Illinois, or such other judge as may be sitting in his stead, and then and there present DIRECT CAPITAL CORPORATION's **Motion to Modify the Automatic Stay**, a true and correct copy of which is herewith served upon you.

                                DIRECT CAPITAL CORPORATION,

                   By:    /s/ Kenneth D Peters
                            Kenneth D Peters, Esq. (IL #6186034)
                            70 W. Hubbard St., Suite 200
                            Chicago, IL 60602
                            312-602-7360
                            312-637-9378 (Fax)
                            kpeters@dresslerpeters.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| RAMSPLITTER LOG SPLITTERS INC., | ) | Case No. 19-81981 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO MODIFY THE AUTOMATIC STAY**

NOW COMES DIRECT CAPITAL CORPORATION ("DIRECT CAPITAL"), by and through its counsel, and moves this Court for the entry of an order modifying the automatic stay, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151 and 157.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

**Master EFA Agreement #ME01537617**

**Schedule #DCC-1225591**

3. On or about May 2, 2016, Direct Capital and Ramsplitter Log Splitters Inc. ("Debtor") entered into Master EFA Agreement #ME01537617 ("the EFA Agreement"). True and correct copies of the EFA Agreement and its Addendum are annexed hereto as Exhibit A.

4. On or about May 2, 2016, Direct Capital and Debtor entered into Equipment Schedule #DCC-1225591 ("Schedule #DCC-1225591"). True and correct copies of Schedule #DCC-1225591 and related Bill of Sale, Invoice and Addendums are annexed hereto as Exhibit B.

5. Schedule #DCC-1225591 relates to the EFA Agreement and represents Direct

2

Capital's financing of the following property referred to in Schedule #DCC-1225591 and its annexed Bill of Sale, Invoice and Addendums:

- (1) 110 Press Brake (20,000#)- (1) CNC Machine from facility [part of blanket lien for this item; thus, not purchase money collateral]

- (1) Ikegal FX201 CNC Lathe SN#00055V

- (1) HTC Model 155-12H Press Brake SN#581T2230

- (1) Corona 3 Headed Drill Press SN#2764A

(the "Schedule #DCC-1225591 Equipment").

6. Pursuant to the EFA Agreement, the Debtor granted Direct Capital a purchase money security interest(s) in the Schedule #DCC-1225591 Equipment except for the (1) 110 Press Brake (20,000#)- (1) CNC Machine from facility; Direct Capital has duly perfected said purchase money security interest, as is more fully set forth in Schedule #DCC-1225591. *See* Exhibit C.

7. At all times relevant herein, Direct Capital duly and fully performed its obligations under the EFA Agreement and Schedule #DCC-1225591.

**The Debtor's Defaults Under the EFA Agreement and Schedule #DCC-1225591**

8. Pursuant to the terms of the EFA Agreement and Schedule #DCC-1225591, the Debtor promised to pay Direct Capital one advance payment and sixty (60) monthly payments of $516.21. See Exhibit B, Addendum to Schedule #DCC-1225591.

9. The Debtor has defaulted under the terms and conditions of the EFA Agreement and Schedule #DCC-1225591 by, *inter alia,* failing to make payments due and owing under the EFA Agreement and Schedule #DCC-1225591. At the time of the filing of the bankruptcy petition four (4) payments were overdue.

10. Direct Capital is therefore entitled to immediate possession of the Schedule #DCC-1225591 Equipment in accordance with paragraph 15 of the EFA Agreement; and, separately, pursuant to Article 9 of the Uniform Commercial Code.

11. The Debtor has failed and refused to surrender possession of the Schedule #DCC-1225591 Equipment to Direct Capital.

12. Direct Capital also accelerated all amounts due from the Debtor under Schedule #DCC-1225591. The amount the Debtor owes to Direct Capital under Schedule #DCC-1225591 is $13,272.29, broken down as follows:

| | |
|---|---|
| Past Due Payments | $2,064.84 |
| Accelerated Payments, discounted to PV | $10,452.89 |
| Late Fees | $305.56 |
| Insufficient Fund Fees | $70.00 |
| Termination Fee | $379.00 |
| TOTAL DUE & OWING | $13,272.29 |

Attorney fees are also due and owing to Direct Capital.

### Schedule #DCC-1249918

13. On or about June 16, 2016, Direct Capital and Debtor entered into Equipment Schedule #DCC-1249918 ("Schedule #DCC-1249918"). True and correct copies of Schedule #DCC-1249918 and related Addendums and Bill of Sale are annexed hereto as <u>Exhibit D</u>.

14. Schedule #DCC-1249918 relates to the EFA Agreement and represents Direct Capital's financing of the following property referred to in Schedule #DCC-1249918 and its annexed Bill of Sale and Addendums:

- (1) CNC ESP II Plasma Cutting Table SN#051B2229, includes Plasma Table 60"x120" with electric Motor Driven Gantry; Dell PC Computer with Software; Thermal Dynamic 102 Plasma Cutter

(the "Schedule #DCC-1249918 Equipment").

15. Pursuant to the EFA Agreement, the Debtor granted Direct Capital a purchase money security interest(s) in the Schedule #DCC-1249918 Equipment; Direct Capital has duly perfected said purchase money security interest, as is more fully set forth in Schedule #DCC-1249918. *See* Exhibit E.

16. At all times relevant herein, Direct Capital duly and fully performed its obligations under the EFA Agreement and Schedule #DCC-1249918.

**The Debtor's Defaults Under the EFA Agreement and Schedule #DCC-1249918**

17. Pursuant to the terms of the EFA Agreement and Schedule #DCC-1249918, the Debtor promised to pay Direct Capital sixty (60) monthly payments of $331.46. See Exhibit D, Addendum to Schedule #DCC-1249918.

18. The Debtor has defaulted under the terms and conditions of the EFA Agreement and Schedule #DCC-1249918 by, *inter alia,* failing to make payments due and owing under the EFA Agreement and Schedule #DCC-1249918. At the time of the filing of the bankruptcy petition four (4) payments were overdue.

19. Direct Capital is therefore entitled to immediate possession of the Schedule #DCC-1249918 Equipment, in accordance with paragraph 15 of the EFA Agreement and Schedule #DCC-1249918; and, separately, pursuant to Article 9 of the Uniform Commercial Code.

20. The Debtor has failed and refused to surrender possession of the Schedule #DCC-1249918 Equipment to Direct Capital.

21. Direct Capital also accelerated all amounts due from the Debtor under Schedule #DCC-1249918. The amount the Debtor owes to Direct Capital under Schedule #DCC-1249918 is $8,990.45, broken down as follows:

| | |
|---|---|
| Past Due Payments | $1,325.84 |
| Accelerated Payments, discounted to PV | $7,019.89 |
| Late Fees | $195.72 |
| Insufficient Fund Fees | $70.00 |
| Termination Fee | $379.00 |
| TOTAL DUE & OWING | $8,990.45 |

Attorney fees are also due and owing to Direct Capital.

### Schedule #DCC-1336154

22. On or about May 23, 2017, Direct Capital and Debtor entered into Equipment Schedule #DCC-1336154 ("Schedule #DCC-1336154"). True and correct copies of Schedule #DCC-1336154 and related Addendum and Invoice are annexed hereto as Exhibit F.

23. Schedule #DCC-1336154 relates to the EFA Agreement and represents Direct Capital's financing of the following property referred to in Schedule #DCC-1336154 and its annexed Invoice and Addendum:

- (1) USED MAZAK ST-35-ATC-MC CNC LATHE, S#80778

- (1) USED OKUMA CADET MATE CNC VERTICAL MACHINING CENTER, S#0549

- (1) USED CITIZEN CINCOM F16 AUTOMATIC SWISS TYPE SCREW MACHINE, S#1269

- (1) USED CITIZEN CINCOM F25 AUTOMATIC SWISS TYPE SCREW MACHINE, S#2175

(the "Schedule #DCC-1336154 Equipment").

24. Pursuant to the EFA Agreement, the Debtor granted Direct Capital a purchase money security interest(s) in the Schedule #DCC-1336154 Equipment; Direct Capital has duly perfected said purchase money security interest, as is more fully set forth in Schedule #DCC-1336154. [DIRECT CAPITAL also claims a lien on most assets of the Debtor in addition to the

purchase money security interest, per the security grant, but that is not at issue in this motion.] *See* Exhibit G.

25. At all times relevant herein, Direct Capital duly and fully performed its obligations under the EFA Agreement and Schedule #DCC-1336154.

**The Debtor's Defaults Under the EFA Agreement and Schedule #DCC-11336154**

26. Pursuant to the terms of the EFA Agreement and Schedule #DCC-1336154, the Debtor promised to pay Direct Capital sixty (60) monthly payments of $619.61. See Exhibit F.

27. The Debtor has defaulted under the terms and conditions of the EFA Agreement and Schedule #DCC-1336154 by, *inter alia,* failing to make payments due and owing under the EFA Agreement and Schedule #DCC-1336154. At the time of the filing of the bankruptcy petition two (2) payments were overdue.

28. Direct Capital is therefore entitled to immediate possession of the Schedule #DCC-1336154 Equipment, in accordance with paragraph 15 of the EFA Agreement and Schedule #DCC-1336154; and, separately, pursuant to Article 9 of the Uniform Commercial Code.

29. The Debtor has failed and refused to surrender possession of the Schedule #DCC-1336154 Equipment to Direct Capital.

30. Direct Capital also accelerated all amounts due from the Debtor under Schedule #DCC-1336154. The amount the Debtor owes to Direct Capital under Schedule #DCC-1336154 is $20,704.07, broken down as follows:

| | |
|---|---|
| Past Due Payments | $1,239.22 |
| Accelerated Payments, discounted to PV | $19,332.20 |
| Late Fees | $185.88 |
| Insurance Fees | $82.38 |
| Insufficient Fund Fees | $105.00 |
| Termination Fee | $379.00 |

  Security Deposit held but not applied  ($619.61)
  TOTAL DUE & OWING  $20,704.07

Attorney fees are also due and owing to Direct Capital.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

31. On August 22, 2019 the Debtor petitioned this Court for relief under Chapter 7 of the Bankruptcy Code, (the "Petition Date").

32. The Automatic Stay provisions contained in §362(a) of the Bankruptcy Code restrain Direct Capital from exercising rights and remedies against property of the Debtor's estate.

33. Section 362(d)(2) of the Bankruptcy Code provides, pertinent part, that:

> "…(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or condition such stay-
>
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > (A) the debtor does not have an equity in such property;
> > >
> > > and
> > >
> > > (B) such property is not necessary for an effective reorganization."

34. The value of the Schedule #DCC-1225591 Equipment, the Schedule #DCC-1249918 Equipment and the Schedule #DCC-1336154 Equipment (collectively the "Equipment") is estimated to total $28,400.00, depending on condition:

35. Schedule #DCC-1225591, Schedule #DCC-1249918 and Schedule #DCC-1336154 (collectively the "Schedules") are subject to cross-default provisions. See, Exhibit A, Section 15.

8

36. The value of the Equipment is decreasing due to general market conditions, ordinary depreciation and the wear and tear caused by the Debtor's operation and use thereof.

37. The EFA Agreement and Schedules require that the Debtor keep the Equipment insured against all risks of loss. *See*, paragraph 10 of the EFA Agreement, Exhibit A. Direct Capital has not been provided with evidence that the Debtor is maintaining appropriate insurance on the Equipment.

38. Accordingly, this Court should grant Direct Capital relief from the automatic stay to allow Direct Capital to recover the Equipment; and, further, the Court should waive Rule 4001(a)(3) so that Direct Capital may immediately implement this Court's Order and promptly mitigate its losses.

WHEREFORE, DIRECT CAPITAL CORPORATION respectfully requests this Court enter an order:

a) That the automatic stay arising pursuant to Section 362(a) of the Bankruptcy Code (to the extent it applies) is hereby lifted to permit DIRECT CAPITAL CORPORATION to enforce its contractual and judicial remedies to recover and liquidate the following property:

(1) 110 Press Brake (20,000#)- (1) CNC Machine from facility [this one item is not purchase money collateral but Direct Capital has a lien on it]

(1) Ikegal FX201 CNC Lathe SN#00055V

(1) HTC Model 155-12H Press Brake SN#581T2230

(1) Corona 3 Headed Drill Press SN#2764A

(1) CNC ESP II Plasma Cutting Table SN#051B2229, includes Plasma Table 60"x120" with electric Motor Triven Gantry; Dell PC Computer with Software; Thermal Dynamic 102 Plasma Cutter

(1) USED MAZAK ST-35-ATC-MC CNC LATHE, S#80778

    (1) USED OKUMA CADET MATE CNC VERTICAL MACHINING CENTER, S#0549

    (1) USED CITIZEN CINCOM F16 AUTOMATIC SWISS TYPE SCREW MACHINE, S#1269

    (1) USED CITIZEN CINCOM F25 AUTOMATIC SWISS TYPE SCREW MACHINE, S#2175

    with all attachments, upgrades or modifications done to said equipment; and that the provisions of Bankruptcy Rule 4001(a)(3) shall not apply to this Order; and

  b) For such other and further relief as this Court deems just and proper.

DATED this 10th day of October, 2019.

                        Respectfully Submitted,

                        DIRECT CAPITAL CORPORATION,

                        By:  /s/ Kenneth D Peters
                              Kenneth D Peters, Esq. (IL #6186034)
                              Dressler Peters, LLC
                              70 W. Hubbard St., Suite 200
                              Chicago, IL 60602
                              312-602-7360
                              312-637-9378 (Fax)
                              kpeters@dresslerpeters.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of October, 2019, the foregoing Motion to Modify the Automatic Stay was electronically filed through CM/ECF and the following parties were served via the methods listed below:

**Via the Court's electronic notification system**

- Jeffry A. Dahlberg    ljekberg@balsleylawoffice.com, lisah@balsleylawoffice.com; chp13@balsleylawoffice.com;dahlbergjr59004@notify.bestcase.com
- Patrick S Layng    USTPRegion11.MD.ECF@usdoj.gov
- Bernard J Natale    natalelaw@bjnatalelaw.com, bnatale@ecf.axosfs.com

**Via First Class Mail**

Ramsplitter Log Splitters Inc.
2230 Kishwaukee Street
Rockford, IL 61104

                                     /s/ Rachel McCandless
                                     Rachel McCandless
                                     Paralegal